## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KAPPA ALPHA EDUCATIONAL )
FOUNDATION, INC., )
    Plaintiff, )
     )
     )
v. )      C.A. No. N19M-10-175 ALR
     )
CITY OF NEWARK, a municipal )
corporation of the State of Delaware, )
    Defendant. )

## ORDER DENYING REARGUMENT

This matter is before the Court on the Plaintiff's Motion for Partial Reargument of this Court's Order dated December 17, 2019 which granted a stay of this litigation, including all discovery. In consideration of the relevant statutes; the Delaware Rules of Civil Procedure; applicable decisional law; the parties' various submissions and letters; and the entire record, the Court finds as follows:

1. By Order dated December 17, 2019, this Court granted a stay of this litigation over the objection of Plaintiff.

2. Plaintiff now seeks reargument of the Court's Order as it relates to discovery addressed to Count 2 of the Complaint.

3. The standard of review for a motion for reconsideration is well established. A motion for reargument under Superior Court Civil Rule 59(e) permits

the Court to reconsider "its findings of fact, conclusions of law, or judgment."[1] To prevail on a motion for reargument, the moving party must demonstrate that "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2] A motion for reconsideration is not an opportunity for a party to rehash arguments already decided by the Court or to present new arguments not previously raised.[3]

4.     The Court did not misapprehend the law or facts. The Court properly exercised its discretion to stay this litigation, including discovery and litigation of pending dispositive motions, for a reasonable amount of time to allow the City of Newark to complete the political process underway.

5.     In addition to the arguments already considered by the Court, Plaintiff has now asked this Court to take into account the fact that Defendant has rejected a subsequent FOIA request filed by Plaintiff. Specifically, according to Plaintiff, rejection of its FOIA request militates in favor lifting the stay because, "[i]n light of the City's FOIA denial, KA may only get to the truth if the Court allows discovery

---

[1] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969); *Miller v. New Castle Cty.*, 2016 WL 270531, at *1 (Del. Super. Jan. 21, 2016).
[2] *Lamourine v. Mazda Motor of Am., Inc.*, 2007 WL 3379048, at *1 (Del. Super. Sept. 24, 2007).
[3] *Id.*

2

by ordering a partial lift of the stay." However, consideration of the rejection of a FOIA request is not properly before this Court. Rather, Delaware statute provides enforcement mechanisms to address a citizen's access to public records.[4] Accordingly, the Court will not address Plaintiff's FOIA request.

NOW, THEREFORE, this 6th day of January, 2020, Plaintiff's Motion for Partial Reargument is hereby DENIED.

IT IS SO ORDERED.

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[4] 29 Del. C. § 10005(b).